UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINSLEY ARIANA TAYLOR MAKAYLA SARAMOSING,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. CIV-21-669-G<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is a Motion to Dismiss (Doc. Nos. 9, 10), filed by Defendant Health Care Service Corporation, a Mutual Legal Reserve Company doing business as Blue Cross and Blue Shield of Oklahoma ("BCBSOK").[1]  Plaintiff Tinsley Ariana Taylor Makayla Saramosing has responded in opposition (Doc. No. 15), and Defendant has replied (Doc. No. 16).

On July 1, 2021, Plaintiff filed the instant action, bringing the following claims against Defendants BCBSOK and Does 1 through 10: (1) breach of contract under Oklahoma state law; (2) breach of the duty of good faith and fair dealing under Oklahoma state law; (3) intentional infliction of emotional distress under Oklahoma state law; and (4) violation of Section 1557 of the federal Patient Protection and Affordable Care Act, 42

---

[1] The Complaint (Doc. No. 1) identifies this entity as two separate defendants. Defendant represents that BCBSOK is a single entity erroneously sued as separate defendants in this matter. *See* Def.'s Mot. at 6.

U.S.C. § 18116. *See* Compl. ¶¶ 11-29.[2] The Complaint premises federal jurisdiction upon 28 U.S.C. § 1331 due to Plaintiff's Section 1557 Claim. *See id.* at 2. As all claims alleged in the Complaint appear to form part of the same case or controversy, the pleading suggests that supplemental federal jurisdiction would lie over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367.

Defendant moves to dismiss each claim raised in the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff offers no response to Defendant's argument that the Section 1557 Claim should be dismissed. The Court has nevertheless reviewed the allegations in the Complaint relevant to the Section 1557 Claim but agrees there are pleading deficiencies that require its dismissal under Rule 12(b)(6). Plaintiff fails to allege that the Policy is a health program or activity that receives federal assistance. *Compare* Compl. ¶¶ 28-29, *with* 42 U.S.C. § 18116(a). Further, Plaintiff's conclusory allegation that "Defendants denied coverage for Plaintiff's medically necessary procedures on the basis of her gender, in violation of the Patient Protection and Affordable Care Act, Section 1557" is not sufficient by itself to allege a plausible violation of Section 1557. Compl. ¶ 29; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for

---

[2] Plaintiff asserts that the true names and capacities of Defendants Does 1-10 are unknown to Plaintiff. *See* Compl. ¶ 3. Plaintiff alleges that each Doe defendant is legally responsible in some manner for the conduct alleged and states that she will seek leave to identify their true names and capacities when they become known. *See id.* The docket reflects that as of the date of this Order, Plaintiff has not sought leave to add the Doe defendants' names and that no Doe defendant has been served or appeared in this matter.

relief). Consequently, Defendant's Motion is granted with respect to the Section 1557 Claim.

"[D]istrict courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). It is incumbent upon Plaintiff, as the party invoking federal subject-matter jurisdiction, to allege facts demonstrating the propriety of jurisdiction under either 28 U.S.C. § 1331 (federal-question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Having now dismissed Plaintiff's sole federal-law claim, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks omitted); *see also* 28 U.S.C. § 1367(c)(3). In the absence of original jurisdiction over Plaintiff's remaining claims, the Court is disinclined to exercise supplemental jurisdiction over these claims.

It is not conclusively established from the face of the Complaint, however, whether some other basis for federal jurisdiction over Plaintiff's remaining state-law claims exists. Accordingly, the Court will afford Plaintiff the opportunity to explain why her remaining state-law claims should not be dismissed for lack of subject-matter jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. Nos. 9, 10) is therefore GRANTED IN PART and DENIED IN PART, as follows:

- Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court dismisses without prejudice Plaintiff's claim for violation of Section 1557 of the Patient Protection and Affordable Care Act; and

- The Court denies without prejudice Defendant's motion to dismiss Plaintiff's state-law claims for breach of contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress, finding that federal jurisdiction must be established prior to this Court addressing the merits of these state-law claims.

Plaintiff shall, within 10 days of the date of this Order, provide supplemental briefing explaining any basis for this Court's subject-matter jurisdiction over her remaining state-law claims. Defendant shall file any response within five days of Plaintiff's submission. Plaintiff is advised that if she fails to articulate a basis for this Court's subject-matter jurisdiction over her remaining state-law claims, those claims will be dismissed without prejudice.

IT IS SO ORDERED this 6th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge