UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TINSLEY ARIANA TAYLOR MAKAYLA SARAMOSING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-21-669-G ) |
| HEALTH CARE SERVICE CORPORATION et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

Now before the Court is the Motion to Dismiss Plaintiff's Amended Complaint (Doc. Nos. 45, 46) filed by Defendant Health Care Service Corporation, a Mutual Legal Reserve Company doing business as Blue Cross and Blue Shield of Oklahoma ("BCBSOK").[1] Plaintiff Tinsley Ariana Taylor Makayla Saramosing has submitted a Response (Doc. No. 55), and Defendant has submitted a Reply (Doc. No. 56).

On July 1, 2021, Plaintiff filed the instant action, bringing the following claims against Defendants BCBSOK and Does 1 through 10: (1) breach of contract under Oklahoma state law; (2) breach of the duty of good faith and fair dealing under Oklahoma state law; (3) intentional infliction of emotional distress under Oklahoma state law; and (4) violation of Section 1557 of the federal Patient Protection and Affordable Care Act, 42 U.S.C. § 18116. *See* Compl. (Doc. No. 1) ¶¶ 11-29.

---

[1] The Amended Complaint (Doc. No. 28) identifies this entity as two separate defendants. Defendant represents that BCBSOK is a single entity erroneously sued as separate defendants in this matter. *See* Def.'s Mot. to Dismiss Am. Compl. (Doc. Nos. 45, 46) at 6.

Defendant then moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. Nos. 9, 10. On September 6, 2022, the Court granted Defendant's Motion to Dismiss in part. *See* Order of Sept. 6, 2022 (Doc. No. 17) at 3-4. Specifically, the Court dismissed without prejudice Plaintiff's claim for violation of Section 1557 of the Patient Protection and Affordable Care Act (the "ACA"), which was Plaintiff's sole federal claim. *See id.* at 4. The Court ordered Plaintiff to provide supplemental briefing explaining any basis for this Court's subject-matter jurisdiction over the state-law claims that remained after dismissal of her ACA claim. *See id.*

Plaintiff did not provide supplemental briefing but instead sought leave to amend the Complaint. *See* Doc. No. 18. Defendant did not oppose Plaintiff's request. *See* Doc. No. 21. The Court granted Plaintiff leave to file an amended complaint. *See* Doc. No. 24. Plaintiff thereafter filed her Amended Complaint on October 24, 2022, renewing her claim under the ACA against Defendants BCBSOK and Does 1 through 50[2] as the basis for this Court's jurisdiction over the case. *See* Am. Compl. (Doc. No. 28) at 1-2, 8-11.

On January 6, 2023, Defendant moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). *See* Def.'s Mot. to Dismiss Am. Compl. (Doc. Nos. 45, 46). Shortly thereafter, Plaintiff filed a Motion for Leave to file a Second Amended Complaint (Doc. No. 47), which the Court denied, finding that Plaintiff's proposed amendments would be

---

[2] Although Plaintiff lists Does 1-50 in the caption of the Amended Complaint, there is no reference to Does 1-50 in the body of the pleading or any explanation for increasing the number of unidentified defendants from 10 to 50. *See* Am. Compl. Further, the docket reflects that as of the date of this Order, Plaintiff has not sought leave to add the Doe defendants' names and that no Doe defendant has been served or appeared in this matter.

futile and were the product of undue delay. *See* Order of Aug. 16, 2023 (Doc. No. 52) at 3-9. Plaintiff then filed her response to Defendant's Motion to Dismiss on September 5, 2023. *See* Pl.'s Resp. (Doc. No. 55).[3]

In her Response, Plaintiff argues that she has adequately stated a claim for breach of contract under Oklahoma state law, breach of the duty of good faith and fair dealing under Oklahoma state law, and intentional infliction of emotional distress under Oklahoma state law. *See id.* at 3-6. Plaintiff, however, "concedes that her [ACA] claim . . . remains ripe for dismissal given the coverage of Plaintiff's medical procedure based on Medical Policy SUR717.001 and the binding nature of the [Independent Review Organization] Report as outlined by the Defendant in its Motion to Dismiss Plaintiff's Amended Complaint." *Id.* at 6. Plaintiff also states that she "agrees with this Court's earlier ruling that without this claim, the Court has no basis for the exercise of supplemental jurisdiction over the Plaintiff's state law claims, and that said state law claims should be dismissed without prejudice." *Id.* at 6-7.

Despite Plaintiff's concession, Defendant argues that the Court should exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Def.'s Reply (Doc. No. 56) at 5-12; *see also* Def.'s Mot. at 29. Specifically, Defendant argues that dismissal with prejudice is warranted because if Plaintiff chooses to refile this action, Defendant would be required to brief its motion to dismiss again. *See* Def.'s Reply at 12. The Court,

---

[3] Plaintiff's response deadline was delayed pending disposition of her Motion for Leave to file a Second Amended Complaint. *See* Doc. No. 44.

3

however, finds no compelling basis to reach the merits of claims over which it has no original jurisdiction. *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (internal quotation marks omitted)). Further, the Court finds that dismissal of this action without prejudice is appropriate here where the Court has never had occasion to evaluate the merits of Plaintiff's state law claims.

## CONCLUSION

For the reasons set forth above and in the Court's Order of August 16, 2023 (Doc. No. 52), Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. Nos. 45, 46) is GRANTED. The Amended Complaint (Doc. No. 28) is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of September, 2023.

*[signature]*
CHARLES B. GOODWIN
United States District Judge